IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FIRST CITIZENS BANK AND
TRUST COMPANY, INC., successor
by assignment to GEORGIAN BANK,

    Plaintiff,

vs.                              CASE NO. 5:10cv33/RS/EMT

JOHN WILLIS HOMES OF FLORIDA, INC.,
A Florida Corporation, ROLLING DUNES
DEVELOPMENT, LLC, JOHN P. WILLIS,
MAGNOLIA BAY CLUB MASTER
ASSOCIATION INC.,
SANTA ROSA GOLF VILLAS
OWNERS ASSOCIATION, INC., and
MAGNOLIA BAY CLUB NEIGHBORHOOD
ASSOCIATION, INC.

    Defendants.

## FINAL JUDGMENT OF FORECLOSURE

Before me is the Order to Show Cause Why Final Judgment of Foreclosure Should Not Be Entered. (Doc. 8)

**It is ORDERED:**

1.    The court has jurisdiction over the parties and subject matter.

2.    A hearing was held on May 18, 2010, on the Order to Show Cause Why Final Judgment of Foreclosure Should Not Be Entered. The following parties appeared: First Citizens Bank and Trust Company, Inc., Magnolia Bay Club Master Association, Inc. and Magnolia Bay Club Neighborhood Association, Inc. The following parties did not appear: John Willis Homes

of Florida, Inc., Rolling Dunes Development, LLC, John P. Willis and Santa Rosa Golf Villas Owners Association, Inc.

3. Defendants were served with the Court's Order to Show Cause Why Final Judgment of Foreclosure Should Not Be Entered within the time required by law and did not file a verified response to Plaintiff's Complaint.

4. Plaintiff, FIRST CITIZENS BANK AND TRUST COMPANY, INC., is due $10,415,538.42 as principal, and $1,192,033.79 as interest through May 18, 2010, making a total sum of $11,607,572.21 which amount shall bear interest at the post – judgment interest rate, defined by 28 U.S.C. § 1961, from the date of this judgment until paid.

5. Plaintiff holds a lien for the total sums superior to any claim or estate of the Defendants, JOHN WILLIS HOMES OF FLORIDA, INC., ROLLING DUNES DEVELOPMENT, LLC, JOHN P. WILLIS, MAGNOLIA BAY CLUB MASTER ASSOCIATION INC., MAGNOLIA BAY CLUB NEIGHBORHOOD ASSOCIATION INC. and SANTA ROSA GOLF VILLAS OWNERS ASSOCIATION, INC. on the following described real and personal property located in Bay County, Florida:

> Lots 1, 2, 3, 4, 5, and 6 Block A; and Lots 1, 2, 3, 4, 5, 6, 7, 8, 14, 15, 16, 17, 19, and 20, Block C; and Lots 2, 3, 4, 5, 6, 7, 14, 15, 16, 17, 18, 19, and 20, Block D; and Lots 1, 2, and 3, Block E; and Lots 1, 2, and 3, Block F; all lying and being in MAGNOLIA BAY CLUB COMMUNITY, according to the Plat thereof as recorded in Plat Book 22, Pages 10 of the Public records of Bay County, Florida

And on the following described property in Walton County, Florida:

Lot 3, Block A, Santa Rosa Golf Villas, a subdivision in Section 3, township 3 South, Range 20 West, as recorded in Plat Book 17, pages 44-44B, of the Public Records of Walton County, Florida

If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid prior to the commencement of the sale by the

United States Marshal ("the Marshal"), the Marshal is ordered and directed to sell the property at public sale.

6. Pursuant to Fed. R. Civ. P. 69, the procedures for sale shall be in accordance with the practice and procedure in the State of Florida as provided in Chapter 45, Florida Statutes (2009), except that title shall vest in the purchaser pursuant to a United States Marshal's Deed issued after confirmation of any sale by this Court.

7. The Marshal shall advertise the sale of the subject real property in accordance with 28 U.S.C. §§ 2001-2002, and after giving proper notice, conduct the sale of the property at the front door of the Bay County Courthouse at Panama City, Florida.

8. Plaintiff is authorized to bid at the sale, and any bid by the Plaintiff shall be credited against the indebtedness due the Plaintiff. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if Plaintiff is not the purchaser of the property at the sale in accordance with the Order Confirming Sale. If Plaintiff is the purchaser at the sale, the Marshal shall credit Plaintiff's bid with the total sum of this judgment with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full. If a third party is the purchaser at the sale, 5% of the bid price in cash or by certified check shall be paid at the time of the sale with the balance to be paid in cash or by certified check to the United States Marshal within 24 hours after the sale.

9. Upon sale being made, and if there are no objections to the sale within ten (10) days, then the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation. The Marshal shall file the report of sale with the Court no later than fifteen (15)

days after the sale. Upon the sale being made, the Marshal shall retain the proceeds thereof until Order Confirming Sale is entered by the Court.

10. Upon the sale being made of the property and confirmed by this Court, the Court shall direct the Marshal to execute a United States Marshal's Deed to the property. At that time, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

11. The Marshal shall distribute the proceeds of the sale in accordance with the Order Confirming the Sale.

12. On the order confirming sale, the Marshal will execute and deliver the United States Marshal's Deed to the purchaser at the sale. Plaintiff shall prepare the United States Marshal's Deed. The purchaser at the sale shall pay for and be responsible for affixing to the United States Marshal's Deed any documentary stamps or taxes imposed upon the recordation of the deed.

13. <u>If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Marshal no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Marshal</u>

within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the Marshal has in the registry of the court.

14. If you decide to sell your property or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact Northwest Florida Legal Services, Inc. at (850) 432-2336 to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact Legal Services of North Florida, Inc. for assistance, you should do so as soon as possible after receipt of this notice.

15. At any time before the filing of an Order of Confirmation of Sale, Defendants may cure the indebtedness adjudicated due herein and prevent a foreclosure sale by paying the amount of monies specified in this judgment, plus the reasonable expenses of proceeding to foreclosure incurred to the time of the tender, including reasonable attorneys' fees of the Plaintiff. Otherwise, there is no right of redemption.

16. Any and all rights of Defendants Magnolia Bay Club Master Association, Inc., Magnolia Bay Club Neighborhood Association, Inc. and Santa Rosa Golf Villas Owners Association, Inc., afforded by Florida Law are not affected by this judgment.

17. The Court reserves jurisdiction over the parties to adjudicate any liability as to Counts I and III of Plaintiff's Verified Complaint and to make such further orders as may be

appropriate, including, but not limited to, an order for the issuance of a writ of assistance should repossession be contested and an order for deficiency judgments.

18.     Plaintiff's address is First Citizens Bank and Trust Company, Inc., 1230 Main Street, Columbia, South Carolina 29201

**ORDERED** on May 18, 2010.

          **/s/ Richard Smoak**
          **RICHARD SMOAK**
          **UNITED STATES DISTRICT JUDGE**